86 F.3d 1176
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dean R. BEAL, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7019.
 United States Court of Appeals, Federal Circuit.
 May 10, 1996.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Dean R. Beal's appeal. Beal has not responded.
 
 
 2
 Beal served in the Navy from February 1966 to March 1968. During service, Beal was diagnosed with rheumatoid arthritis. In 1991, Beal filed a claim for service connection with respect to his condition. The regional office granted service connection, but rated the condition as 0% disabling. Beal filed a notice of disagreement with the regional office. After Beal failed to appear for a scheduled medical examination, the regional office denied a higher rating. Beal appealed to the Board of Veterans Appeals.
 
 
 3
 In November 1993, the Board granted an increased rating for rheumatoid arthritis to 20%. The Board further determined that Beal raised issues concerning other claims, but that those issues had not been developed. The Board thus remanded the other claims to the regional office for further development. Beal appealed to the Court of Veterans Appeals.
 
 
 4
 The veterans court summarily affirmed the Board's decision. The Court of Veterans Appeals determined that the Board's determination that Beal was entitled to an increased rating was supported by the record and that the Board properly remanded the other claims to the regional office. This appeal followed.
 
 
 5
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet those criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 6
 In his informal brief, Beal argues that he is entitled to a 30% disability rating for his arthritis and that the Court of Veterans Appeals had jurisdiction to consider the other claims. Beal, however, does not challenge the validity or interpretation of any statute or regulation relied on by the Court of Veterans Appeals in making its decision, nor does he raise any constitutional issues. Instead, Beal challenges the veterans court's factual determinations and application of the law to the facts of the case. Because this court does not have jurisdiction over Beal's appeal, 38 U.S.C. § 7292(d)(2), this case must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 9
 (2) The Secretary's motion to dismiss is granted.
 
 
 10
 (3) Each side shall bear its own costs.